# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Andrew T. Berry (AB-4170)
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
973-639-2097

Of Counsel:
Robert L. Baechtold (RB-6866)
Joseph M. O'Malley, Jr. (JO-7733)
John D. Carlin (JC 6810)
FITZPATRICK, CELLA,
  HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
(212) 218-2100

Attorneys for Plaintiffs
Altana Pharma AG and Wyeth

AUG 22 2005

|  |  |
|---|---|
| ALTANA PHARMA AG and WYETH, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. 04-2355 (JLL) |
| v. ) | |
| ) | |
| TEVA PHARMACEUTICALS USA, INC. ) | |
| and TEVA PHARMACEUTICAL ) | |
| INDUSTRIES, LTD., ) | |
| Defendants. ) | |

```
                                    )
ALTANA PHARMA AG and WYETH,         )
                                    )
            Plaintiffs,             )         CIVIL ACTION NO. 05-1966 (JLL)
      v.                            )
                                    )
SUN PHARMACEUTICAL INDUSTRIES       )
LTD. and SUN PHARMACEUTICAL         )
ADVANCED RESEARCH CENTER, LTD.      )
            Defendants.             )
                                    )
```

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, Plaintiffs, Altana Pharma AG and Wyetl (collectively

"Plaintiffs"), Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva

Pharmaceutical Industries, Ltd. ("Teva Israel") (collectively "Teva"), and Defendants Sun

Pharmaceutical Industries, Ltd. and Sun Pharmaceutical Advanced Research Centre, Ltd.

(collectively "Sun") believe that certain information that is or may be sought by discovery

requests in this action constitutes trade secrets or other confidential research, development or

commercial information within the meaning of Fed. R. Civ. P. 26(c); and

WHEREAS, Plaintiffs, Teva, and Sun believe that it would facilitate

discovery to produce such information under a protective order pursuant to Fed. R. Civ. P.

26(c);

IT IS HEREBY STIPULATED, subject to the approval of the Court, that:

1.      As used herein, "Confidential Information" refers to information

which a party or non-party claims to be its trade secret or confidential research, development

or commercial information within the meaning of Fed. R. Civ. P. 26(c).  In determining the

scope of information which a party may designate as its Confidential Information, each party agrees that designations of information as Confidential Information, and responses to requests to permit further disclosure of Confidential Information, shall be made in good faith and not (1) to impose burden or delay on an opposing party, (2) for tactical or other advantage in litigation or (3) in order to avoid embarrassment. Information to be treated under this Protective Order as Confidential Information shall include:

      a.    Information set forth in response to discovery requests made under Fed. R. Civ. P. 31, 33 or 36, provided that, prior to disclosure to the receiving party, the information or responses are plainly marked or otherwise identified by the producing party on at least the caption page with a legend bearing the words "CONFIDENTIAL";

      b.    Information set forth in documents made available for inspection by the producing party voluntarily or under Fed. R. Civ. P. 33(d) or 34, and which are identified at the time of inspection as comprising Confidential Information;

      c.    Information set forth in any copies of documents produced to the receiving party voluntarily or under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery of the copies to the receiving party, the copies are marked by the producing party, preferably at the lower right corner of each page, with a legend bearing the words "CONFIDENTIAL", and an identifying document control number prefixed with one or more letters identifying the producing party;

      d.    Information revealed by inspection of things or premises voluntarily or under Fed. R. Civ. P. 34, provided that, prior to the inspection, the party permitting inspection states in writing that its Confidential Information will be disclosed by

the inspection and specifies in writing those parts of the things or those areas of the premises in which its Confidential Information will be revealed;

      e.     Information revealed during depositions upon oral examination under Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45, except that the information revealed during any particular deposition shall cease to be Confidential Information thirty (30) days after the deposition transcript becomes available, unless before the thirty (30) day period has expired, the witness, his employer or his counsel either designates orally at the deposition or subsequently in writing that Confidential Information of the witness or his employer is set forth in the transcript and identifies in writing the portions of the transcript that set forth that Confidential Information.  In the case of non-party witnesses, either a party or the non-party witness may designate information revealed as its Confidential Information with thirty (30) days after the deposition transcript becomes available;

      f.     Any summary, digest, analysis or comment on any information identified in categories (a) – (d).

      2.     Subject to paragraphs 6 and 7, Confidential Information under paragraph 1 shall be disclosed only to (a) the Court, (b) the parties' respective outside counsel (including support staff) as reasonably necessary, (c) outside stenographic court reporters and language translators (including support staff) as reasonably necessary and (d) the additional individuals listed in item (i) through (iv) below:

      (i)     outside experts and outside consultants retained in this action;

(ii)        a deponent or other witness who is indicated on the face of the document as its originator, author or recipient of a copy thereof or who would be reasonably expected to have had prior access to the document or the Confidential Information, or who is otherwise familiar with the Confidential Information, but only to the extent of the person's familiarity with the Confidential Information;

(iii)        paralegals, stenographic, clerical or support staff employees and translators associated with the individuals enumerated in (i) – (ii) above, but only as part of a disclosure to said individuals, as permitted under this Stipulation and Order and;

(iv)        third party contractors involved solely in providing litigation support services to outside counsel.

(v)        such other individuals as the parties may stipulate.

3.        Subject to paragraphs 6 and 7, information revealed during depositions upon oral examination under Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45 shall also be treated under this Protective Order as Confidential Information, except that the information revealed during any particular deposition shall cease to be Confidential Information thirty (30) days after the deposition transcript becomes available, unless before the thirty (30) day period has expired, the witness, his employer or his counsel designates either orally at the deposition or subsequently in writing that Confidential Information of the witness or his employer is set forth in the transcript and identifies orally at the deposition or subsequently in writing the transcript or, as appropriate, portions of the transcript that set forth that Confidential Information. Confidential Information revealed orally during depositions should be designated by marking the deposition transcript, preferably at the

5

lower right corner of each page, with a legend bearing the word "CONFIDENTIAL". In the case of non-party witnesses, either a party or the non-party witness may designate information revealed as its Confidential Information within thirty (30) days after the deposition transcript becomes available. In addition to the individuals listed in paragraph 2, information revealed orally and documents used during depositions, deposition transcripts, court filings, expert reports and documents cited or referenced therein and written discovery responses can be disclosed to the following in-house attorneys, representatives or non-U.S. lawyers and patent attorneys ("Client Representatives")

(a)     for Altana Pharma AG

Bernd Kröger
Ulrich Wolf
Stephan Riemann

(b)     for Wyeth

Susan Lee
Thomas Szatkowski
Gregory Chopskie

(c)     for Teva Israel

Richard S. Egosi
David M. Stark
Staci L. Julie

(d)     for Teva USA

Richard S. Egosi
David M. Stark
Staci L. Julie

(e)     For Sun

Swati Shailesh Veera
Dr. Ratnesh Shrivastava
Dr. Mahalaxmi Andheria

4.    Confidential Information of an opposing party other than that specified in paragraph 3 above as accessible to "Client Representatives" can be disclosed only through oral communications between outside counsel and the following Client Representatives:

(a)    for Altana Pharma AG

Ulrich Wolf

(b)    for Wyeth

Gregory Chopskie

(c)    for Teva Israel

Staci L. Julie

(d)    for Teva USA

Staci L. Julie

(e)    For Sun

Dr. Ratnesh Shrivastava

Any Client Representative that receives Confidential Information of an opposing party pursuant to this Stipulation and Protective Order is prohibited from involvement in either U.S. or foreign patent prosecution or drug development work relating to "substituted benzimidazoles" for the duration of the litigation and for one year thereafter. Moreover, the persons identified in paragraphs 3 and 4 must execute an Undertaking in the form attached as Exhibit A prior to receiving any Confidential Information of the opposing party. Client Representatives specified in paragraphs 3 and 4 are prohibited from further disclosure or communication of Confidential Information of an opposing party except to authorized persons specified in paragraphs 2 through 4. Furthermore, the Client Representative designated by the respective parties in paragraphs 3 and 4 may be redesignated upon five

7

business days written notice to the opposing party. If no written objection is made, the redesignation shall take effect. If there is a written objection the parties shall meet and confer promptly and in good faith in an effort to resolve the objection, and failing resolution, the party opposing redesignation shall present the dispute to the Magistrate Judge pursuant to L. Civ. R. 37.1(a)(1). A formal motion may then be brought if necessary by the party opposing redesignation. In any such matter, the party objecting to redesignation shall bear the burden of proof.

      5.     Any disclosure of Confidential Information to an individual listed in items (i) through (v) under paragraph 2 above shall be limited to the information, documents and/or things which outside counsel for the receiving party believes are reasonably required for such individual to assist in this action. Also, before the first disclosure of Confidential Information to any individual listed in paragraph 2(i), 3 or 4 above, the receiving party shall first give written notice to the producing party by personal service, facsimile or overnight courier. Such notice shall include the individual's name and position, and shall attach an Undertaking in the form attached as Exhibit A, executed by such individuals. With respect to individuals designated under paragraph 2(i), such notice shall attach an Undertaking executed by such individuals, and shall include a copy of the individual's resume or curriculum vitae. No Confidential Information shall be disclosed to any individual designated under paragraph 2(i) until written approval is obtained from counsel for the producing party or until after the expiration of a five (5) business day period. If, during the five (5) day period, the party giving notice receives a written objection from the disclosing party stating the specific bases for objection, there shall be no disclosure of Confidential Information to the individual identified in the notice except as agreed to by the parties or by further order of the Court.

8

Prior to seeking resolution by the Court of any disagreement as to matters within the scope of this Protective Order, the parties shall meet and confer promptly and in good faith in an effort to resolve such disagreement, and, failing resolution, the party opposing disclosure shall present the dispute to the Magistrate Judge pursuant to L. Civ. R. 37.1(a)(1). A formal motion may then be brought if necessary by the party opposing disclosure. In any such disagreement, the party opposing disclosure shall bear the burden of proof.

      6.     Teva may further designate its Confidential Information as "Confidential Information – Teva Formulation." As used herein, "Confidential Information – Teva Formulation" refers to information related to the formulation of any Teva product, or associated research and development information, produced or discovered pursuant to paragraph 1. "Confidential Information – Teva Formulation" may be disclosed as in paragraph 2, 3, and 4 above, including to outside counsel of Sun, but shall not be disclosed to any Sun employee or personnel, including the Sun Client Representatives listed in paragraphs (3) and (4).

      7.     Sun may further designate its Confidential Information as "Confidential Information – Sun Formulation." As used herein, "Confidential Information – Sun Formulation" refers to information related to the formulation of any Sun product, or associated research and development information, produced or discovered pursuant to paragraph 1. "Confidential Information – Sun Formulation" may be disclosed as in paragraph 2, 3, and 4 above, including to outside counsel of Teva, but shall not be disclosed to any Teva employee or personnel, including the Teva Client Representatives listed in paragraphs (3) and (4).

8.      In the event that information which a party believes is entitled to protection as Confidential Information is inadvertently produced without being properly designated, or any inspection proceeds without the proper designation hereunder, the producing party may notify the receiving party in writing, and the receiving party shall thereafter treat the information as Confidential Information. If, prior to receiving such notice, the receiving party has disseminated the Confidential Information to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Information or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Information, but shall have no other responsibility or obligation with respect to the information disseminated.

9.      Confidential Information shall be revealed by the receiving party only to the persons permitted access to it pursuant to paragraphs 2, 3 and 4 above, and shall not be disclosed by the receiving party to persons other than those specified in paragraphs 2, 3 and 4. Confidential Information shall be used by the receiving party solely for the purposes of this action.

10.     Consistent with L. Civ. R. 5.3, nothing in this Protective Order shall be construed as authorizing the filing of materials under seal with the Court in the absence of a separate order of the Court authorizing the sealing of specific materials. However, if a document containing Confidential Information of the submitting party is filed with the Court, it may, at the submitting party's option, be filed along with a motion to seal pursuant to L. Civ. R. 5.3(c). The submitting party shall have the burden of persuasion in seeking an order to seal its own confidential documents. If a document containing Confidential Information of another party is to be filed with the Court, the submitting party shall notify the other party of

such at least three (3) business days in advance of such filing, and will advise of the planned filing date. That notification will specifically list all such Confidential Information of the other party that will be included with the motion. The other party shall then have the burden of filing a motion to seal pursuant to L. Civ. R. 5.3(c), if they wish to maintain the confidentiality, in whole or in part, of the Confidential Information. The other party will so advise the submitting party of its intent to file the motion to seal at least one business day prior to the filing. The submitting party will then cooperate by filing the other party's Confidential Information under seal, pending resolution of the other party's motion. The filing under seal would be without prejudice to the submitting party's ability to oppose the motion to seal, or to otherwise take advantage of the provisions of this Order to contest the other party's confidentiality designations.

11.    This Stipulation and Protective Order shall not prevent any party from moving this Court for an order that Confidential Information is not, in fact, confidential, or that the designation of CONFIDENTIAL is inappropriate, provided that prior to making such a motion, (1) the parties shall meet and confer in good faith to resolve any differences over the designation and (2) the opposing party presents the dispute to the Magistrate Judge pursuant to L. Civ. R. 37.1(a)(1). On such a motion, the party asserting confidentiality shall have the burden of proving that the Confidential Information in question is protectible under Fed. R. Civ. P. 26(c) or on some other basis, or, as the case may be, that the designation CONFIDENTIAL is necessary under the circumstances. A party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time made, and failure to do so shall not preclude subsequent challenge.

12.     This Stipulation and Protective Order is without prejudice to the right of any party, including third parties, to formally move this Court for an order seeking modification of the Order at any time.

13.     Nothing in this Stipulation and Protective Order shall preclude any party from disclosing or using, in any manner or for any purpose, any information which is (i) publicly available, (ii) lawfully in its possession prior to being designated Confidential Information in this litigation, (iii) obtained from a third party having the apparent right to disclose such information or (iv) independently developed as evidenced by written record.

14.     Nothing in this Stipulation and Protective Order shall require production of information which a party contends is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a party has inadvertently produced to another party information subject to claim of immunity or privilege, the receiving party upon written request shall promptly return all copies of the information and shall destroy any newly created derivative document such as a summary of or comment on the inadvertently produced information. If after conferring in good faith the parties cannot agree as to the propriety of the claim of immunity or privilege, the party seeking disclosure shall present the dispute to the Magistrate Judge pursuant to L. Civ. R. 37.1(a)(1). If necessary, the party may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

15.   Nothing in this Stipulation and Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to the attorney's party-client or consulting with parties having a common interest with respect to this action, and in the course thereof, relying upon an examination of Confidential Information; provided, however, that in rendering such advice and in otherwise communicating or consulting with the party-client and parties having a common interest, the attorney shall not disclose any Confidential Information nor the source of any Confidential Information to anyone not authorized to receive such documents, things, materials or information pursuant to the terms of this Protective Order.

16.   In the event of any accidental or inadvertent disclosure of Confidential Information, other than in a manner authorized by this Stipulation and Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure including, retrieving all copies of the Confidential Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information in any form.  Compliance with the foregoing shall not prevent the disclosing party from seeking further relief from the Court.

17.   The recipient of any Confidential Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Information as is exercised by the recipient with respect to its own Confidential Information of a similar nature, but in no event less than due care.  Each recipient of any Confidential Information produced in this action hereby agrees to be subject

to the jurisdiction of this Court for the purpose of the implementation and enforcement of this Stipulation and Protective Order.

        18.     This Stipulation and Protective Order shall survive the termination of this litigation. The Court shall retain jurisdiction over the parties and the subject matter herein for the limited purpose of enforcement of this Order.

        19.     Upon termination of this litigation, all copies of documents containing "Confidential Information" shall be destroyed within sixty (60) days, with the exception of one archival copy of pleadings, deposition transcripts, deposition exhibits, Court exhibits, documents included in submissions to the Court, and one archival set of produced documents, which may be retained only by outside counsel for the receiving party. Moreover, notes of outside counsel can be retained.

        20.     The terms of this Stipulation and Protective Order may be applied to the documents, information and things received by a party from any person who is not a party to this litigation at the election of such person, provided that the nonparty notifies the parties in writing of its desire to designate its information and things in accordance with this Order.

        21.     This Stipulation and Protective Order shall supercede the prior Stipulation and Protective Order entered as to Plaintiffs and Teva on July 11, 2005, prior to consolidation of the Sun action.

        22.     Pursuant to L. Civ. R. 5.3(b)(3), this Protective Order shall be subject to modification by the Court at any time.

STIPULATED PROTECTIVE ORDER APPROVED:

Dated: **8/16/05**

Robert L. Baechtold (RB-6866)
Joseph M. O'Malley, Jr. (JO-7733)
John D. Carlin (JC-6810)
FITZPATRICK, CELLA,
 HARPER & SCINTO
30 Rockefeller Plaza
New York, New York  10112
(212) 218-2100
(212) 218-2200 (Facsimile)

Andrew T. Berry (AB-4170)
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
973-639-2097

Attorneys for Plaintiffs
Altana Pharma AG and Wyeth

Dated: 8·16·05

Mark D. Schuman
Ronald A. Daignault
Jeffer Ali
John M. Berns
Merchant & Gould LLC
3200 IDS Center
80 South 8ᵀᴴ Street
Minneapolis, MN  55402
612-332-5300

Allyn Lite, Esq.
Michael E. Patunas, Esq.
Of:
LITE DEPALMA GREENBERG
  RIVALS, LLC
TWO GATEWAY CENTER
12ᵀᴴ FLOOR
NEWARK, NEW JERSEY 07102
Telephone:  (973) 623-3000
Facsimile:  (973)-623-0211

Attorneys for Defendants
Teva Pharmaceuticals USA, Inc. and
Teva Pharmaceutical Industries, Ltd.

Dated: 8/17/05

Judson L. Hand (JH-1189)
One Newark Center
Newark, New Jersey 07102
(973)274-6019

PROSKAUER ROSE LLP
Charles Guttman
James H. Shalek
John C. Stellabotte
1585 Broadway
New York, New York 10036
(212)969-3000

Attorneys for Sun Pharmaceutical Industries,
Ltd. and Sun Pharmaceutical Advanced
Research Centre. Ltd.,

16

SO ORDERED

Dated: _____

_____
Hon. Jose L. Linares
United States District Judge

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Andrew T. Berry (AB-4170)
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
973-639-2097

Of Counsel:
Robert L. Baechtold (RB-6866)
Joseph M. O'Malley, Jr. (JO-7733)
John D. Carlin (JC 6810)
FITZPATRICK, CELLA,
 HARPER & SCINTO
30 Rockefeller Plaza
New York, New York  10112
(212) 218-2100

Attorneys for Plaintiffs
Altana Pharma AG and Wyeth

| | |
|---|---|
| ALTANA PHARMA AG and<br>WYETH,<br><br>       Plaintiffs,<br><br><br>       v.<br><br>TEVA PHARMACEUTICALS USA, INC. and<br>TEVA PHARMACEUTICAL INDUSTRIES, LTD.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>04-2355 (JLL) |

**UNDERTAKING**

In consideration of the disclosure to me of certain information which is subject to a Protective Order of this Court, I agree as follows:

1.  I have read the Protective Order in this case and I agree to be bound by its terms.

2.  I understand that if I violate the terms of the Protective Order, I may be subject to an enforcement proceeding before this Court.

3.  I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Protective Order.

Date: _____

                                          Name: _____

                                          Address: _____

                                          _____

                                          _____

NY_Main 515673_1.DOC

2