WILLIAM J. HELLER
Partner
Phone: 973-639-6973
Fax: 973-297-3807
Email: wheller@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056
tel 973.622.4444
fax 973.624.7070
www.mccarter.com

November 3, 2005



McCARTER
ENGLISH
ATTORNEYS AT LAW

BY HAND

Honorable Ronald Hedges, U.S.M.J.
United States District Court
Martin Luther King, Jr. Federal Building and Courthouse
50 Walnut Street – Room 2042
Newark, New Jersey 07102

> Re:   Altana Pharma AG & Wyeth v. Teva and Sun
>        Civil Action No. 04-2355, 05-1966 (JLL)

Dear Magistrate Hedges:

      Plaintiffs respectfully request the Court's assistance in resolving an existing dispute regarding Defendants' Amended Joint Notice of Deposition of Plaintiffs pursuant to Rule 30(b)(6). The parties have met and conferred, as we indicated we would at the conference before your Honor on October 26, 2005, but have been unable to reach complete agreement.

      This Court was presented with a similar situation in another recent litigation between Wyeth and Teva concerning Wyeth's Effexor® product ("the Effexor case"). In the Effexor case, Teva had served a 30(b)(6) Notice with 13 listed topics, including subparts defining over 40 separate topics. (*See* Exhibit 1, Effexor Tr.[1] pp. 61-63; Exhibit 2, Effexor 30(b)(6) notice). The Court found this notice to be "very broad" and insisted that the topics be narrowed. *Id.* Many of these topics are analogous to the ones in Defendants' Amended Notice. For example, Teva Topic 1(a) covered "any research, development, study, investigation, analysis or testing concerning the subject matter of the Patents-in-Suit," (*See* Exhibit 2, Schedule A, p. 5), which seeks the same type of information requested by Defendants' Topics 1-4. (*See* Exhibit 3, Defendants' Amended Notice, p. 6). The Court in Effexor categorized the overbroad topics into 4 general areas: inventor issues, marketing, research and development and patent prosecution. (Effexor Tr. p. 62). The Court in Effexor did not order Wyeth to produce a Rule 30(b)(6) witness on all or even close to all of the notice categories. Rather, as concerned the topics directed to research and development (like Topics 1-4, 7, 8 and 16 of Defendants' present Amended Notice) Wyeth was required to produce its inventors for individual depositions for inventor and research and development related issues, and the demand for 30(b)(6) testimony was deferred. (*See* Exhibit 4, Effexor Order, p. 2). Similarly, as concerned the topics directed to patent prosecution, Wyeth was

---

[1] Plaintiffs have previously submitted the entire transcript of the Effexor hearing in connection with our earlier submission on Sun's motion to serve additional document requests.

Magistrate Hedges
November 3, 2005
Page 2



required to produce for personal depositions the individuals with knowledge of the prosecution of the patent, and any request for 30(b)(6) testimony on these matters was also deferred until it was shown to be necessary. *Id.*

        This is an eminently sensible approach and one Plaintiffs have proposed should be followed here.

        By way of background, Defendants initially served their original Notice of Deposition pursuant to 30(b)(6) on September 20, 2005. (Exhibit 5). This notice was incredibly overbroad, consisting of 69 topics. Plaintiffs informed Defendants on September 26 that the notice was oppressive, unduly burdensome and over inclusive. After several discussions between the parties over the subsequent few weeks, and a brief discussion about the overbreadth at the October 14 conference before your Honor, Defendants served on Plaintiffs an Amended Joint 30(b)(6) Notice that allegedly "narrows the topics for deposition." (*See* Exhibit 6, Sun letter of October 19, 2005).

        However, as we explained in our letter of October 26, 2005 to your Honor, although Defendants claim to have endeavored to reduce the number of topics in their original notice, they instead simply combined them in a transparent effort to make their notice appear facially more reasonable. (*See* Exhibit 7 attached October 26, 2005 letter). In fact, in serving their Amended Notice, Defendants withdrew only 6 topics. For example, new Topic 1, pertaining to "(t)he origination, development, and testing of Compound 4 (including any testing comparing Compound 4 to any Relevant Compound or other proton pump inhibitors any testing concerning stability, clinically relevant drug-drug interactions, irreversible binding to Cysteine 822, high AUC, relief of nighttime GERD, absence of food effect, improvement in patient symptom relief, or toxicity)," combined former topics 4, 6, 35, 38 and 46 from Defendants' Notice as originally served.[2]  The Amended Notice is therefore essentially identical in scope to the 69 category original. That Defendants squeezed 63 categories into "19" separate headings is not meaningful.

        However, in the spirit of cooperation, Plaintiffs, in our letter of October 24, 2005, served specific objections to the Amended Notice and agreed to provide witnesses to address many of the categories, subject to their objections. For example Plaintiffs agreed to provide 30(b)(6) witnesses (1) to provide general testimony concerning the identification and nature of pantoprazole's unexpected properties and (2) to provide testimony on objective indica of non-obviousness.

        Moreover, to the extent Plaintiffs did not agree to designate Rule 30(b)(6) witnesses for certain topics, in most cases Plaintiffs proposed alternative and more appropriate means of discovery. For example, as for Topics No. 1-4, 7, 8 and 16 we proposed that Defendants first take the depositions of the inventors Messrs. Kohl and Sturm

---

[2]  Attached is a table showing the correspondence of categories of the original and amended notice. (Exhibit 8).

Magistrate Hedges
November 3, 2005
Page 3



as well as Dr. Senn-Bilfinger. (*See* Exhibit 9, October 24 letter, p. 2). Similar offers were made for Topics 6, 10, 13, 15, 17 and 18. The procedures that Plaintiffs outlined were entirely consistent with the purpose of Rule 30(b)(6) and provided Defendants the opportunity to take the discovery to which they are entitled. Finally, Plaintiffs volunteered to further discuss any remaining issues with Defendants.

Defendants instead sought to raise the 30(b)(6) issues with the Court at the October 26, 2005 conference before Your Honor. Plaintiffs were quite surprised to see this represented as an issue for discussion for that conference in Sun's October 25 letter. (*See* Exhibit 10). Plaintiffs believed that these issues could still be resolved among the parties, had not been fully briefed and thus was not ripe for resolution by the Court. The Court declined to hear argument on Defendants' 30(b)(6) Notice pending further discussions among the parties.

Further to Your Honor's mandate, the parties met and conferred on two separate occasions (October 31 and November 2) in an effort to resolve the remaining disputes. As a result of these discussions, the parties were able to reach agreement as to Topics 5, 6, 10, 11, 12, 14, 17 and 19. (*See* Exhibit 11, Plaintiffs' November 3, 2005 letter to Defendants,). Again, in the spirit of cooperation, Plaintiffs agreed to produce several more 30(b)(6) witnesses to address additional topics.

However, disputes still remain with regards to Topics 1-4, 7-9, 13, 15, 16 and 18. Plaintiffs' specific objections pertaining to these Topics are discussed below.

Defendants Amended Notice is an improper use of Rule 30(b)(6). Rule 30(b)(6) was originally intended to determine the identity of persons within a corporation with relevant information, not as a contention specification mechanism. *See* Sinclair and Fendrich, *Discoverying Corporate Knowledge and Contentions: Rethinking Rule 30(b)(6) and Alternative Mechanisms*, 50 Ala. L. Rev. 651, 707-728 (1999) (attached as Exhibit 12). That is what contention interrogatories are for. The essential purpose of the Rule 30(b)(6) deposition mechanism is reflected in the Advisory Committee's focus on the burdens involved. The Committee recognized that finding witnesses to address topics required effort by an entity. The counterweight - the factor which was stated by the Committee to justify the imposition of this burden on the company - was *not* that the discovery party had a need to learn contentions (a matter not raised in the comment to Rule 30(b)(6)). Rather, it was the discoverying party's need to *obtain leads to the identity of the knowledgeable people* and some basic information about the company. (Exhibit 12 at pp. 718-719).

Essentially the main dispute with the Topics that remain unresolved from the Amended notice are that they are hopelessly overly broad, unduly burdensome and are clearly designed to force the appearance of a Super-Human witness or witnesses to give corporate testimony on every issue in Defendants' case and practically obviate the need for

Magistrate Hedges
November 3, 2005
Page 4



personal depositions and other discovery devices.  This was never the intent of Rule 30(b)(6).
(*See* Exhibit 12, pp. 707-728).

Defendants' notice also represents an improper attempt to circumvent the 10
deposition limit set forth in the Federal Rules and in the Court's Consolidation Order.  To the
extent Plaintiffs produce witnesses in response to this notice, Plaintiffs will treat each witness
necessary to satisfy the scope of the notice as a separate deposition.


**Topics No. 1- 4, 7, 8 and 16**

These interrogatories generally seek testimony on the research, development,
testing and properties of every proton pump inhibitor compound ever developed by Plaintiffs
as well as unexpected properties of pantoprazole.   Subject to their objections, Plaintiffs have
agreed to produce a Rule 30(b)(6) witness prepared to give general testimony concerning the
identification and nature of unexpected properties of pantoprazole.  In the meet and confer
between the parties, Defendants refused to further narrow the scope of these Topics which
together correspond to 22 categories in their original notice.

Plaintiffs object to these categories as overly broad and unduly burdensome.
Many persons at Altana were, over the years, involved in some capacity in the research or
development of proton pump inhibitors, including pantoprazole.  As we have attempted to
explain to Defendants, it would be impossible to prepare a single witness or witnesses to
testify completely on these categories.  Moreover, Defendants have no need for discovery of
such scope.  Plaintiffs further object to the quoted terms and phrases as providing inadequate
notice, insofar as Defendants have not specified the source of these quotations.  Plaintiffs
further object to this category to the extent it implicates the work product immunity or other
privilege and to the extent it seeks the substance of expert reports.  Plaintiffs will comply
with applicable Federal Rules and all applicable court orders concerning the conduct of
expert discovery.

Plaintiffs further object to these categories on the grounds that the subject
matter is more properly sought through other discovery methods.  In this regard, Plaintiffs
have produced all non-privileged documents concerning the research and development of the
compounds claimed in the '518, '579 and '230 patents.  Plaintiffs have also responded to
Sun's Interrogatories No. 3-5 and identified documents which relate to the testing of
Compounds 4 and 12.  As Plaintiffs have suggested all along, Defendants are free to notice
personal depositions of any of the persons identified in response to those interrogatories or in
the cited documents.   Defendants have already made clear they will take the inventors'
personal depositions in any event.  They have also asked for the deposition of Dr. Senn-
Bilfinger who has knowledge concerning the research and development of proton pump
inhibitors at Altana.

Magistrate Hedges
November 3, 2005
Page 5



Before requiring Plaintiffs to undertake the impossible task of preparing a witness to testify on the full scope of these categories, Defendants should take the personal depositions they know they will take anyway as well as the 30(b)(6) testimony on which the parties agreed, and see whether they really need anything else. This was the approach taken in the Effexor case and the approach that should be followed here.

**Topic No. 9**

Plaintiffs object to this category as vague and ambiguous and as providing inadequate notice to allow Plaintiffs to prepare a witness. In particular, the category seems to call for testimony on the effect of dialkoxy substitution in the benzimidazole ring of PSB or PTB compounds. The definitions of PSB and PTB compounds are overly broad and Plaintiffs do not understand the relevance of testimony directed at dialkoxy substitution in the benzimidazole ring in any event.

Further, Plaintiffs object to category no. 9 in its entirety on the grounds that it calls for expert opinion testimony. Plaintiffs will comply with the Federal Rules and all applicable Court orders concerning the conduct of expert discovery.

**Topics No. 13 and 15**

These categories call for corporate testimony on the worldwide prosecution of the patent in suit as well as two other patents.

Plaintiffs object to these categories to the extent they seek information subject to the attorney-client privilege, attorney-work product immunity or any other applicable privilege or immunity. In addition, Plaintiffs object to these categories to the extent they seek information protected by the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

Plaintiffs further object to these categories as seeking information more properly sought through personal depositions. As mentioned above, the Court in Effexor also addressed the propriety of 30(b)(6) categories directed to prosecution. (Effexor Tr. p. 62). It would be unduly burdensome to require Altana to prepare a single witness to be prepared to field questions concerning all aspects of the worldwide prosecution of these patents. Furthermore, it is unnecessary. In Effexor, Wyeth was required to produce for personal depositions the individuals with knowledge of the prosecution of the patent, and any request for 30(b)(6) testimony on these matters was deferred until it was shown to be necessary. (*See* Exhibit 4, Effexor Order p. 2).

Plaintiffs have produced the prosecution histories and thus defendants should take personal depositions to obtain non-privileged information concerning the prosecution of the '579 patent. Defendants have already said they want to take the personal depositions of

Magistrate Hedges
November 3, 2005
Page 6



Messrs. Kohl and Sturm, named inventors on the '579 patent and Mr. Aisenberg, the attorney who prosecuted the '230, '518 and '579 patents. This Court should order the parties to proceed in this manner as they did in Effexor.

**Topic No. 18**

       This category calls for testimony on "Altana's" awareness of the Sachs and Bryson references. Plaintiffs object to this category as overly broad. Plaintiffs could not possibly prepare a witness to testify competently on the "awareness" of every person at Altana, nor is such "awareness" relevant to any issue in this lawsuit. Plaintiffs further object to this request on the grounds that there are more efficient and less intrusive ways to obtain the information sought through this category. For example, Plaintiffs have denied Teva's Request for Admission Nos. 60, 61, 72 and 73. Defendants are free to take the depositions of Messrs. Kohl and Sturm.

**Conclusion**

       The procedures outlined above are consistent with the purpose of Rule 30(b)(6) and provide Defendants the opportunity to take the discovery to which they are entitled. To the extent we have not agreed to designate Rule 30(b)(6) witnesses for certain topics, in most cases we have suggested alternative and more appropriate means of discovery consistent with the procedure followed by this Court in the Effexor case.

       Therefore, Plaintiffs respectfully request that this Court quash Defendants' Amended Joint 30(b)(6) Notice and adopt Plaintiffs' proposal above. At a minimum, Defendants should be ordered to defer the other categories at this time, pending the 30(b)(1) depositions of the aforementioned individuals.

                        Very truly yours,

                        /William J. Heller/


                        William J. Heller

cc:    Charles Guttman, Esq.
        Mark D. Schuman, Esq.
        Jeffer Ali, Esq
        Andrew T. Berry, Esq.
        Michael Patunas, Esq.
        Judson L. Hand, Esq.

Magistrate Hedges
November 3, 2005
Page 7



Joseph M. O'Malley, Esq.
John D. Carlin, Esq.

NY_Main 534732v1