William J. Heller
Nicole Corona
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Of Counsel:
Joseph M. O'Malley, Jr.
Bruce M. Wexler
Paul Hastings
Park Avenue Tower
75 East 55th Street
First Floor
New York, NY 10022
(212) 318-6000
Attorneys for Plaintiffs
Altana Pharma AG and Wyeth

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALTANA PHARMA AG and WYETH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 06-cv-3672 (JLL)(CCC) |
| | ) | |
| | ) | |
| KUDCO IRELAND, LTD., and | ) | |
| SCHWARZ PHARMA, INC., | ) | |

Defendants.

**STIPULATION OF DISMISSAL OF COMPLAINT AND ORDER**

Plaintiffs Altana Pharma AG and Wyeth (collectively "Plaintiffs") and

Defendants KUDCo Ireland, Ltd. ("KUDCo Ireland"), Schwarz Pharma, Inc. ("SP") and

Schwarz Pharma AG ("SPAG") hereby stipulate to dismiss the Complaint as filed by Plaintiffs

against Defendant SPAG in the above-captioned action. The action will continue against

Defendants KUDCo Ireland and SP. It is further stipulated that this dismissal is without prejudice, and subject to the following conditions:

1. SPAG stipulates to be bound, to the same extent as KUDCo Ireland and SP are bound, by the Judgment and any Orders or decisions in the above-captioned action regarding the infringement, validity and/or enforceability of U.S. patent No. 4,758,579, including any Order granting preliminary or permanent injunctive relief against KUDCo Ireland and SP.

2. SPAG stipulates that, for the purposes of the above-captioned action and any enforcement proceedings, any of SPAG's documents, witnesses and information that are called for by discovery demands served on KUDCo Ireland and/or SP's in this Action will be provided to KUDCo Ireland and/or SP upon the request of KUDCo Ireland and/or SP for delivery to Plaintiffs. Further, KUDCo Ireland and SP separately stipulate that they will request those documents, witnesses and information from SPAG that are called for by discovery demands served upon KUDCo Ireland and/or SP in this Action and will deliver such documents and information and make such witnesses available to Plaintiffs for the purposes of this Action. In addition, KUDCo Ireland, SP and SPAG stipulate that the documents (to the extent generated by, on behalf of or at the request of SPAG), witnesses and information produced on behalf of SPAG are admissible in evidence in this case, can be used throughout the litigation as if produced by KUDCo Ireland and SP and will be treated as if in the custody and control of KUDCo Ireland and/or SP. KUDCo Ireland, SP and SPAG also stipulate that any documents produced that were not generated by, on behalf of or at the request of SPAG are authentic. Furthermore, KUDCo Ireland, SP and SPAG agree to produce witness(es) within their control for deposition and at trial, as necessary, to testify regarding admissibility issues concerning any documents produced on behalf of SPAG. All discovery obligations on KUDCo Ireland, SP and

SPAG will be subject to the Federal Rules of Civil Procedure, applicable local rules and the Court's order on discovery, including, without limitation, scope, timing and relevance of any discovery sought. KUDCo Ireland, SP and SPAG do not waive their right to object to any discovery request in the above-captioned action based on the Federal Rules of Civil Procedure, applicable local rules and the Court's orders, except that KUDCo Ireland, SP, and SPAG will not object on the ground that SPAG is not a party to this action.

3. The parties agree that the present suit against SPAG for infringement under 35 U.S.C. Section 271(e)(2) based on the filing of ANDA No. 78-281 will not be recommenced, provided KUDCo Ireland, SP and SPAG are complying with the terms of the Stipulation. Failure by Plaintiffs to comply with this paragraph shall render all provisions of this Stipulation null, void and unenforceable.

4. The parties agree that this Stipulation, and any judgment in this case (by which SPAG agrees to be bound as set forth in Paragraph 1), are enforceable in a federal court in the United States and that SPAG will not raise any jurisdictional challenge to any proceeding to enforce this Stipulation or any judgment in this Court.

SO STIPULATED

3

Dated: 5/24/07
By: /s/ William Heller
William J. Heller
Nicole Corona
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

Joseph M. O'Malley, Jr., Esq.
Bruce M. Wexler, Esq.
Paul Hastings
Park Avenue Tower
75 E. 55th Street
First Floor
New York, NY 10022
*Attorneys for Plaintiffs*
*Altana Pharma AG and Wyeth*

Dated: 5/24/07
By: /s/ James P. Flynn
James P. Flynn
Epstein, Becker & Green, P.C.
Two Gateway Center
12th Floor
Newark, New Jersey 07105-5003
973-642-1900

Steven Maddox
Jeffrey N. Costakos
Linda E.B. Hansen
Foley & Lardner LLP
3000 K Street NW, Suite 500
Washington, DC 20007

*Attorneys for Defendant KUDCo Ireland, Ltd.*

By: /s/ James P. Flynn
James P. Flynn
Epstein, Becker & Green, P.C.
Two Gateway Center
12th Floor
Newark, New Jersey 07105-5003
973-642-1900

Steven Maddox
Jeffrey N. Costakos
Linda E.B. Hansen
Foley & Lardner LLP
3000 K Street NW, Suite 500
Washington, DC 20007

*Attorneys for Defendant Schwarz Pharma, Inc.*

/s/ James P. Flynn
James P. Flynn
Epstein, Becker & Green, P.C.

Two Gateway Center
12th Floor
Newark, New Jersey 07105-5003
973-642-1900

Steven Maddox
Jeffrey N. Costakos
Linda E.B. Hansen
Foley & Lardner LLP
3000 K Street NW, Suite 500
Washington, DC 20007

*Attorneys for Defendant Schwarz Pharma AG*

SO ORDERED
Dated: _____

_____
Hon. Jose L. Linares
United States District Judge

5