William J. Heller
Nicole Corona
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
973-622-4444

Of Counsel:
Joseph M. O'Malley, Jr.
Bruce M. Wexler
PAUL, HASTINGS,
  JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street
First Floor
New York, New York  10022
(212) 318-6000

*Attorneys for Plaintiffs*
*Altana Pharma AG and Wyeth*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTANA PHARMA AG and WYETH,<br><br><br>Plaintiffs,<br><br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., et al.<br><br>Defendants. | CONSOLIDATED<br>CIVIL ACTION NOS.<br>04-2355 (JLL)<br>05-1966 (JLL)<br>05-3290 (JLL) &<br>06-3672 (JLL) |

## REPLY TO SUN PHARMACEUTICAL INDUSTRIES, LTD. AND SUN PHARMACEUTICAL ADVANCED RESEARCH CENTRE'S AMENDED AND SUPPLEMENTAL ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

ME1 6503216v.1

Plaintiffs Altana Pharma AG and Wyeth ("Plaintiffs") hereby reply to the Counterclaims of defendants Sun Pharmaceutical Industries, Ltd. and Sun Pharmaceutical Advanced Research Centre's ("Sun") in Civil Action No. 05-1966 (JLL), dated May 25, 2007.

To the extent any of paragraphs 1-27 of Sun's Amended Answer are determined in whole or in part to state counterclaims or the basis for counterclaims, Plaintiffs incorporate by reference paragraphs 1-27 of their Complaint, and deny each and every additional averment contrary to the averments in Plaintiffs' Complaint contained in Sun's paragraphs 1-27.

To the extent any of paragraphs 28-50 of Sun's denials and affirmative defenses are determined to state counterclaims, each and every one of the averments therein is denied, except to the extent admitted in Plaintiffs' responses below to paragraphs 51-104 of the Counterclaims. To the extent that Sun references or attempts to characterize documents in paragraphs 51-104 of the Counterclaims, those documents speak for themselves as to form, content and legal effect.

## COUNTERCLAIMS

1.      Plaintiffs are without sufficient knowledge to either admit or deny the allegations of paragraph 51 of the Counterclaims and therefore deny the allegations.

2.      Plaintiffs admit the allegations of paragraph 52 of the Counterclaims.

3.      Plaintiffs admit the allegations of paragraph 53 of the Counterclaims.

4.      Plaintiffs admit that Sun in paragraph 54 of the Counterclaims purports to claim jurisdiction under various sections of Title 21 and Title 28 of the United States Code.  The remaining allegations contained in paragraph 54 of the Counterclaims constitute a legal

conclusion to which no response is required.  To the extent that paragraph 54 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 54 of the Counterclaims.

5.      In regard to paragraph 55 of the Counterclaims, Plaintiffs admit that Plaintiffs filed the present action against Sun alleging, *inter alia*, patent infringement.  To the extent the remaining allegations in paragraph 55 reference or attempt to characterize any or all of the content of Plaintiffs' Complaint, that document speaks for itself as to form, content and legal effect, and therefore, plaintiffs deny those allegations of paragraph 55 of the Counterclaims.

6.      Plaintiffs admit the allegations of paragraph 56 of the Counterclaims.

7.      Plaintiffs admit the allegations of paragraph 57 of the Counterclaims.

8.      Plaintiffs admit that Sun sent a notice to Plaintiffs in which Sun represented that it had filed an ANDA for pantoprazole sodium.  Except as admitted, Plaintiffs deny the allegations of paragraph 58 of the Counterclaims.

9.      Plaintiffs admit that Sun sent a notice to Plaintiffs in which Sun represented that it had filed an ANDA for pantoprazole sodium.  Plaintiffs admit that Sun's notice letters were received by Altana on or about March 8, 2005, and by Wyeth on or about March 4, 2005. Except as admitted, Plaintiffs deny the allegations of paragraph 59 of the Counterclaims. Plaintiffs also admit that Sun sent an earlier notice letter dated May 5, 2004, whereby Sun agreed to recognize the validity and enforceability of the '579 Patent.

10.      In regard to paragraph 60 of the Counterclaims, Plaintiffs admit that Plaintiffs filed the present action on April 13, 2005, alleging, *inter alia*, infringement of the '579 patent.

Except as admitted, Plaintiffs deny the allegations of paragraph 60 of the Counterclaims.  To the extent the remaining allegations in paragraph 60 reference or attempt to characterize any or all of the content of Plaintiffs' Complaint, that document speaks for itself as to form, content and legal effect, and therefore, Plaintiffs deny those allegations of paragraph 60 of the Counterclaims.

11.     Plaintiffs are without sufficient knowledge to either admit or deny the allegations of paragraph 61 of the Counterclaims and therefore deny the allegations.

12.     Plaintiffs admit the allegations of paragraph 62 of the Counterclaims.

13.     Plaintiffs are without sufficient knowledge to either admit or deny the allegations of paragraph 63 of the Counterclaims and therefore deny the allegations.

## COUNT I

14.     Paragraphs 29-47 are affirmative defenses and require no response.  However, to the extent the averments of paragraphs 29-47 are properly incorporated into Sun's counterclaims, Plaintiffs deny each and every such averment.  In regard to paragraphs 51-63 of the Counterclaims, Plaintiffs reallege each reply to each allegation to paragraphs 51-63 of the Counterclaims as if set forth specifically here verbatim.

15.     The allegations contained in paragraph 65 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 65 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 65 of the Counterclaims.

16.     The allegations contained in paragraph 66 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 66 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 66 of the Counterclaims.

## COUNT II

17.     Plaintiffs reallege each reply to each allegation of paragraphs 51-63 of the Counterclaims as if set forth specifically here verbatim.

18.     Plaintiffs deny the allegations of paragraph 68 of the Counterclaims.

## COUNT III

19.     Plaintiffs reallege each reply to each allegation of paragraphs 51-66 of the Counterclaims as if set forth specifically here verbatim.

20.     Plaintiffs admit that Plaintiffs' pantoprazole sodium delayed-release tablets and pantoprazole sodium injectable products are commercially available in the United States.  Except as admitted, Plaintiffs deny the allegations of paragraph 70 of the Counterclaims.

21.     In regard to paragraph 71 of the Counterclaims, Plaintiffs admit that Wyeth listed the '579 patent in the FDA's Orange Book for pantoprazole sodium delayed-release tablets and pantoprazole sodium injectable product.  Plaintiffs further admit that Plaintiffs filed the present action against Sun and other defendants alleging, *inter alia*, infringement of the '579 patent, which by operation of the Hatch-Waxman Act resulted in a stay of any alleged final FDA approval of Sun's ANDA.  To the extent any of the allegations in paragraph 71 reference or

attempt to characterize any or all of the content of Plaintiffs' Complaint, that document speaks for itself as to form, content and legal effect, and therefore, Plaintiffs deny those allegations. Except as admitted, Plaintiffs deny the remaining allegations of paragraph 71 of the Counterclaims.

22.     Plaintiffs deny Sun's allegation in paragraph 72 of the Counterclaims that "pricing of pantoprazole products remains high due to the plaintiffs' continued enforcement of the '579 patent."  Plaintiffs are without sufficient knowledge to either admit or deny the remaining allegations of paragraph 72 of the Counterclaims and therefore deny those allegations.

23.     Plaintiffs are without sufficient knowledge to either admit or deny the allegations of paragraph 73 of the Counterclaims and therefore deny the allegations.

24.     The allegations contained in paragraph 74 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 74 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 74 of the Counterclaims.

25.     Plaintiffs deny the allegations in paragraph 75 of the Counterclaims.

26.     Plaintiffs reallege each reply to each allegation of paragraphs 51-66 of the Counterclaims, as such allegations were realleged and incorporated by reference into paragraph 69 of the Counterclaims, which in turn was incorporated by reference into the allegations of paragraph 76 of the Counterclaims.  To the extent the remaining allegations contained in paragraph 76 of the Counterclaims constitute a legal conclusion, no response is required.  To the extent that paragraph 76 of the Counterclaims is deemed to state factual allegations or mixed

- 5 -

allegations of law and fact, Plaintiffs deny those allegations of paragraph 76 of the Counterclaims.

27.     The allegations contained in paragraph 77 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 77 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny those allegations of paragraph 77 of the Counterclaims.

28.     The allegations contained in paragraph 78 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 78 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny those allegations of paragraph 78 of the Counterclaims.

29.     Plaintiffs deny the allegations in paragraph 79 of the Counterclaims that "the '579 patent . . . [was] wrongfully and baselessly enforced by Plaintiffs."  Plaintiffs are without sufficient knowledge to either admit or deny the remaining allegations of paragraph 79 of the Counterclaims and therefore deny those allegations.

30.     The allegations contained in paragraph 80 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 80 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs are without sufficient knowledge to either admit or deny the allegations contained in paragraph 80 of the Counterclaims and therefore deny those allegations.

31.     The allegations contained in paragraph 81 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent Sun alleges that "Sun (and other

competitors) would have been able to enter the PROTONIX market on June 22, 2006 and earn profits," Plaintiffs are without sufficient knowledge to either admit or deny those allegations in paragraph 81 of the Counterclaims.  To the extent the remaining allegations of paragraph 81 of the Counterclaims are deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny those allegations of paragraph 81 of the Counterclaims.

32.     The allegations contained in paragraph 82 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 82 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny those allegations of paragraph 82 of the Counterclaims.

33.     Plaintiffs are without sufficient knowledge to either admit or deny the allegations of paragraph 83 of the Counterclaims and therefore deny the allegations.

34.     The allegations contained in paragraph 84 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 84 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny those allegations of paragraph 84 of the Counterclaims.

35.     Plaintiffs deny the allegations of paragraph 85 of the Counterclaims.

## COUNT IV

36.     Plaintiffs reallege each reply to each allegation of paragraphs 69-85 of the Counterclaims as if set forth specifically here verbatim.

37.     Plaintiffs deny the allegations of paragraph 87 of the Counterclaims.

ME1 6503216v.1

38.     Plaintiffs deny the allegations of paragraph 88 of the Counterclaims.

39.     Plaintiffs deny the allegations of paragraph 89 of the Counterclaims.

40.     Plaintiffs deny the allegations of paragraph 90 of the Counterclaims.

41.     The allegations contained in paragraph 91 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 91 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 91 of the Counterclaims.

42.     The allegations contained in paragraph 92 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 92 of the Counterclaims raises mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 92 of the Counterclaims.

43.     The allegations contained in paragraph 93 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent Sun alleges that "Sun and other competitors would have been able to enter the PROTONIX market on June 22, 2006 with their pantoprazole products," Plaintiffs are without sufficient knowledge to either admit or deny those allegations in paragraph 93 of the Counterclaims.  To the extent the remaining allegations of paragraph 93 of the Counterclaims are deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny those allegations of paragraph 93 of the Counterclaims.

44.     The allegations contained in paragraph 94 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 94 of the

ME1 6503216v.1

Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny those allegations of paragraph 94 of the Counterclaims.

45.     Plaintiffs are without sufficient knowledge to either admit or deny the allegations of paragraph 95 of the Counterclaims and therefore deny the allegations.

46.     The allegations contained in paragraph 96 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 96 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 96 of the Counterclaims.

47.     The allegations contained in paragraph 97 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 97 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 97 of the Counterclaims.

## COUNT V

48.     Plaintiffs reallege each reply to each allegation of paragraphs 69-97 of the Counterclaims as if set forth specifically here verbatim.

49.     The allegations contained in paragraph 99 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 99 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 99 of the Counterclaims.

ME1 6503216v.1

50.     The allegations contained in paragraph 100 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 100 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 100 of the Counterclaims.

51.     The allegations contained in paragraph 101 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 101 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 101 of the Counterclaims.

## COUNT VI

52.     Plaintiffs reallege each reply to each allegation of paragraphs 69-97 of the Counterclaims as if set forth specifically here verbatim.

53.     The allegations contained in paragraph 103 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 103 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 103 of the Counterclaims.

54.     The allegations contained in paragraph 104 of the Counterclaims constitute a legal conclusion to which no response is required.  To the extent that paragraph 104 of the Counterclaims is deemed to state factual allegations or mixed allegations of law and fact, Plaintiffs deny the allegations of paragraph 104 of the Counterclaims.

Responding to Sun's Prayer for Relief, Plaintiffs deny that Sun is entitled to any relief whatsoever, whether as requested or otherwise.

- 10 -

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Sun's counterclaims are barred for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

Sun's counterclaims are barred, in whole or in part, because Sun has not suffered, and will not suffer, injury of the type the antitrust laws were designed to prevent, or any other injury to a legally protected or cognizable interest, by reason of the conduct alleged in the counterclaims.

### Third Affirmative Defense

Sun's counterclaims are barred, in whole or in part, because at all times Plaintiffs have acted in good faith and in furtherance of their legitimate business interests in protecting and enforcing intellectual property and have caused no actionable injury to competition or to the public.

### Fourth Affirmative Defense

Plaintiffs' conduct is protected conduct under the *Noerr-Pennington* Doctrine and/or otherwise under the Constitution of the United States of America.

ME1 6503216v.1

**Fifth Affirmative Defense**

Sun's counterclaims are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel.

**Sixth Affirmative Defense**

Plaintiffs' conduct in listing the subject patents in the Orange Book was compelled by law.

**Seventh Affirmative Defense**

To the extent based on an alleged conspiracy between the Plaintiffs, Sun's counterclaims are barred, in whole or in part, because Plaintiffs are incapable as a matter of law of conspiring with one another as alleged in the counterclaims.

**Eighth Affirmative Defense**

Counts V and VI of Sun's counterclaims, asserted under state law, are preempted by Federal patent law.

**Ninth Affirmative Defense**

To the extent Sun's Counterclaims allege or imply fraud, Sun's counterclaims fail to allege fraud with particularity.

ME1 6503216v.1

WHEREFORE, Plaintiffs respectfully request judgment in their favor and against Sun on

Counts I through VI of Sun's Counterclaims, including costs, fees, and whatever other relief the

Court deems appropriate.


Dated:  June 11, 2007                    Respectfully submitted,
                                         /s William J. Heller
                                         William J. Heller
                                         Nicole Corona
                                         McCarter & English, LLP
                                         Four Gateway Center
                                         100 Mulberry Street
                                         Newark, New Jersey  07102
                                         (973) 622-4444

                                         Of Counsel:
                                         Joseph M. O'Malley, Jr.
                                         Bruce M. Wexler
                                         PAUL, HASTINGS,
                                           JANOFSKY & WALKER LLP
                                         75 East 55th Street
                                         New York, New York  10022
                                         (212)318-6000

                                         *Attorneys for Plaintiffs*
                                         *Altana Pharma AG and Wyeth*

ME1 6503216v.1