UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

**LETTER OPINION**

June 30, 2009

**VIA CM/ECF**
All Counsel


Re:   Althan Pharma AG, et al. v. Teva Pharmaceuticals USA Inc., et al.
      Civil Action Nos. 04-2355, 05-1966, 05-3920, 06-3672, 08-2877 (JLL)

Dear Counsel:

This Court is in receipt of several letters filed by all parties to the consolidated actions in this matter, each addressing the issue of trial – specifically, who should participate in a trial on liability and should that trial be to a jury or to the bench. Having considered the submissions, the Court decides to bifurcate this matter and try the liability issue as to patent validity only in one full proceeding involving all defendants – with a jury rendering a verdict as to Defendants Teva and Sun and an advisory verdict as to Defendant Kudco.

The consolidated action before the Court consists of five Hatch-Waxman actions brought by Plaintiffs Altana Pharma AG ("Altana") and Wyeth (collectively, "Plaintiffs") alleging infringement of U.S. Patent No. 4,758,579 ("the '579 patent"). The '579 patent is directed to the compound pantoprazole, the active ingredient in Altana's drug Protonix.[1] Teva, Sun, and Kudco have each filed Abbreviated New Drug Applications ("ANDAs") pursuant to the Hatch-Waxman Act, seeking FDA approval to sell a generic version of Protonix prior to expiration of the '579 patent. Two of the pending actions, 05-1966 against Sun and 04-2355 against Teva, include claims of actual infringement and damages caused by Sun's and Teva's at-risk launch of their generic pantoprazole tablet products. The three other cases – 06-3672 against Kudco based on its application to market generic tablets, and 05-3920 against Sun and 08-2877 against Teva, both based on their respective applications to market generic pantoprazole intravenous ("IV") products, do not include claims for damages. At stake in all five actions is the validity of the '579 patent.

---

[1] Protonix is an anti-ulcer drug. Its active ingredient, pantoprazole, belongs to a class of compounds known as proton pump inhibitors that inhibits the secretion of gastric acid in the stomach.

1

Given that all five actions address validity of the '579 patent, the Court – for reasons of judicial efficiency and convenience – will try the validity issue in one proceeding. Under Rule 39(c), the Court is empowered "[i]n an action not triable of right by a jury," to "try any issue with an advisory jury."[2] The Court utilizes its Rule 39(c) power to try this matter to both a jury and the bench – the jury will render verdict as to Defendants Teva and Sun with respect to patent validity and will render an advisory verdict with respect to Defendant Kudco. Under Fed. R. Civ. P. 52(a), the Court will then issue its own findings of fact and conclusions of law as to Defendant Kudco.

Though Kudco suggests that this approach would be "unprecedented" and less efficient than a pure Kudco-only bench trial, the Court disagrees. Courts within this district have indeed adopted this very approach. In Mellon Bank, N.A. v. United States, for example, the Court addressed a situation in which Plaintiff had a jury trial right as to all defendants except as related to its Federal Tort Claims Act allegations against the United States. No. Civ.A. 301-1503, 2003 WL 21715865 at *4 (M.D.Pa. June 16, 2003). Thus, the Court opted to exercise its Rule 39(c) power by utilizing an advisory jury. Id. The jury was to hear and render verdict as to all Defendants except the United States, upon which it would issue an advisory verdict.[3] Id. at *4 n.1.

Similarly, in Johnson v. Hospital of the Medical College of Pennsylvania, 826 F. Sup. 942 (1993), plaintiffs brought suit against several individual defendants, along with the American Red Cross. The Red Cross, though, retained immunity to trial by jury and the Court accordingly granted its motion to strike plaintiffs' jury demand. Id. at 945. Upon striking the motion, however, the Court ordered: "[t]he jury impaneled to decide the issues between plaintiffs and the other defendants will serve as an advisory jury on the issues between plaintiffs and defendant Red Cross in accordance with Fed. R. Civ. P. 39(c)."

The present situation is in line with those addressed by the Mellon Bank and Johnson courts, where Plaintiffs are free to proceed via a jury trial against one set of defendants and a bench trial against another.[4] The Court finds it appropriate to follow their lead by utilizing its Rule 39(c) powers to avoid duplicative, resource-consuming trials.

---

[2] The Court can also "with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right." However, Kudco does not consent to a jury trial and therefore this provision is inapplicable.

[3] As to all non-United States defendants, the matter settled before trial. Thus, in the end, the jury proceeded only in an advisory capacity and only as to the United States.

[4] The only notable difference is that the present matter is a set of consolidated actions, whereas the Johnson and Mellon Bank courts addressed single actions with multiple defendants. This difference, though important, however, does not remove this Court's Rule 39(c) powers nor does it render them any less useful.

Thus, it is on this **30th** day of **June, 2009,**

**ORDERED** that this matter is bifurcated for trial with the issue of patent validity being tried first; and it is further

**ORDERED** that, pursuant to Rule 39(c) the jury in this matter shall serve in its usual fact-finding capacity as to Defendants Sun and Teva but will serve in an advisory capacity as to Defendant Kudco.

/s/ Jose L. Linares
United States District Judge