**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CLAIRE C. CECCHI**<br>UNITED STATES MAGISTRATE JUDGE | Martin Luther King Jr., Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street, Room 2064<br>Newark, NJ 07102<br>973-645-6664 |

July 31, 2009

**VIA ELECTRONIC FILING**
All Counsel

**LETTER ORDER**

    Re:    Altana Pharma AG, et al. v. Teva Pharmaceuticals USA, Inc., et al.
            Civil Action No. 04-2355 (JLL)

Dear Counsel:

      This matter comes before the Court on the motion of Defendant Teva: (1) to compel the production of expert reports filed in a lawsuit between Plaintiff Altana and non-party AstraZenica in Munich Regional Court (LG Munchen I 21 06219/95) (the "German litigation"); and (2) for leave to submit a supplemental report of its technical expert, Dr. Mitscher.

**I.**    **Teva's Request to Compel the Production of Documents from the German Litigation**

      Teva seeks an Order from the Court compelling the production of expert reports filed in the German litigation. From the parties' submissions, it appears that Teva first demanded the production of these documents in 2005. Plaintiffs contend that they immediately objected to Teva's discovery requests, and argue that Teva has known for the past several years that documents from the German litigation have not been produced for use in this case. Plaintiffs argue that Teva has brought this motion too late in the litigation and forecast that the production of the documents would lead to additional discovery and delay in this matter, which now stands on the eve of trial.[1]
      Plaintiffs also emphasize that Teva itself has taken the position that documents related to foreign counterparts of the patent at issue and foreign litigations, such as the German litigation, are irrelevant and should not be produced in this case. Indeed, it appears that Teva has refused to produce its own documents related to foreign patent counterparts and foreign litigation.
      The Court recognizes that Teva has brought the instant application in good faith. However, given the length of time that has passed since Teva first requested the documents in

---

[1] Damages discovery was stayed to allow this case to proceed to trial.

2005, Plaintiffs' immediate objections thereto, and Teva's own position regarding foreign documents, the Court cannot grant Teva's request to compel production.

In addition, the posture of this case also warrants denial of Teva's motion. On April 8, 2009, Judge Linares held a status conference in this matter (the "April 8th Conference") to discuss the feasibility of granting the Defendants' request to set this matter down for trial. During the April 8th Conference, Judge Linares specifically asked each of the parties to identify all issues that needed to be resolved in order for this matter to be tried. Although counsel for Teva was present at the Conference and other disputes were listed, Teva did not raise the issue presented in the instant motion before Judge Linares.

Nearly two months after the April 8th Conference, Teva moved to compel the production of documents from the German litigation. Although the Court recognizes that Teva's counsel did not think it was appropriate to raise its intent to file this motion when it was before Judge Linares at the April 8th Conference, this case is now being prepared for trial. Given the upcoming trial, coupled with the additional factors described above, the time to bring discovery disputes to the Court's attention has passed.

In light of the foregoing, Teva's motion to compel is hereby **denied**.

### II.     Teva's Request to Supplement the Expert Report of Dr. Mitscher

In Teva's reply on its motion to compel, filed on June 26, 2009, Teva adds a new request to supplement the report of its technical expert, Dr. Mitscher based on the issue of anticipation. That request is similarly denied.

The Court held a status conference in this matter on June 12, 2009 (the "June 12th Conference"). At no time prior to its June 26th submission did Teva identify the proposed supplementation of Dr. Mitscher's report as an issue for the Court. Teva did not raise this request during the June 12th Conference, despite a specific inquiry from the Court as to any additional discovery that may arise out of the addition of Teva's affirmative defense of anticipation. Indeed, counsel stated that no additional discovery, aside from documents related to the German litigation discussed above, would be requested or needed.

In its papers, Teva "agrees that now is the time for the parties to be preparing for trial." The Court is convinced that, at this late stage in the litigation, granting Teva's new request to supplement Dr. Mitscher's report would cause further delay and would unduly prejudice Plaintiffs. Teva's request to supplement the report of Dr. Mitscher is hereby **denied**.

**SO ORDERED**.

*s/Claire C. Cecchi*
**CLAIRE C. CECCHI**
United States Magistrate Judge