UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

NOT FOR PUBLICATION

## LETTER OPINION

February 5, 2010

**VIA ELECTRONIC FILING**
All parties

Re:   **Altana Pharma AG, et al. v. Teva Pharmaceuticals USA, Inc., et al.
Civil Action No. 04-2355 (JLL)**

Dear Counsel:

This matter is before the Court by way of Defendant Teva's ("Teva" or "Defendant") appeal of Magistrate Judge Cecchi's Orders entered on July 31$^s$, 2009 ("July 31st Order") and December 1, 2009 ("December 1st Order") denying Defendant's request to compel the production of expert reports filed in a lawsuit between Planitff Altana Pharma AG and non-party AstraZenica in Munich Regional Court (the "German Litigation). (Docket Entry Nos. 552 and 629). This Court has reviewed the appeal and decides the matter without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, the Court **AFFIRMS** Magistrate Judge Cecchi's July 31st Order and December 1st Order.

### I.   Standard of Review

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the

1

matter differently. Bowen v. Parking Auth. of City of Camden, 2002 WL 1754493, at *3 (D.N.J. July 30, 2002). A ruling is "contrary to law" when the magistrate judge has misinterpreted or misapplied the applicable law. See, e.g., Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion. See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion."). "This deferential standard is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'" Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997) (quoting Pub. Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir. 1995)). However, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992).

Here, since the instant motion concerns discovery, namely a motion to compel, this Court will review the underlying orders under the highly deferential abuse of discretion standard.

## II.  Analysis

Defendant raises several challenges to the Magistrate Judges's July 31st Order. Namely, Defendant argues that Magistrate Judge abused her discretion by: (1) finding the Defendant delayed in bringing the motion; (2) finding that the request would delay trial; (3) finding that Defendant agreed that the type of documents sought were not discoverable; (4) failing to address the relevant nature of the requested documents; (5) failing to address the prejudicial effect of denying the request; and (6) giving weight to Defendant's omission of the instant dispute at the April 8, 2009 status conference held before the undersigned. None of these arguments retain merit.

First, Defendant argues that the Magistrate Judge abused her discretion by finding that the Defendant delayed in bringing the motion. Fed.R.Civ.P. 37 provides no deadline for the filing of a motion to compel. Generally, however, motions to compel must be filed within the scheduled time for discovery. "A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production." Haase v. Gov't of the Virgin Islands, 2009 WL 792808, *1 (D. Virgin Islands March 23, 2009) quoting Buttler v. Benson, 193 F.R.D. 664, 666 (D. Colo. 2000). Here, the Magistrate Judge found that the Defendant first requested foreign litigation documents in 2005, that Defendant knew of Plaintiff's objections thereto, and yet waited until June 2009 – after the close of discovery – to

file a motion to compel said documents. After a review of the underlying record,[1] this Court agrees with the Magistrate Judge's findings that Defendant delayed in seeking to compel the German litigation documents – "the time to bring discovery disputes to the Court's attention has passed." Therefore, this argument fails to sustain Defendant's burden to show that the Magistrate Judge abused her discretion in denying its motion to compel.

Second, Defendant argues that the Magistrate Judge abused her discretion by finding that the request would delay trial scheduled for April 5, 2009. The power of courts "to avoid undue delay is essential to assur[e] that justice for all litigants be neither delayed nor impaired." In re Health Management, Inc., 1999 WL 33594132 (E.D.N.Y.,1999) citing Outley v. City of New York, 837 F.2d 587, 589 (2d Cir.1988) (internal citations omitted). Despite Defendant's overtures to the contrary, in order to grant Defendant's motion to compel, the Court would necessarily be re-opening discovery and potentially generating further discovery disputes resulting in the delay of the impending trial. Therefore, to continue discovery at this late stage of the litigation would disrupt the efficient functioning of this Court. The Court finds that the Magistrate Judge did not abuse her discretion by denying Defendant's motion in order to avoid undue delay.

Third, Defendant argues that the Magistrate Judge abused her discretion by finding that Defendant agreed that all foreign litigation documents are irrelevant and not discoverable. Defendant argues that its position is that documents containing "foreign legal analyses" are not discoverable, but that documents containing factual analyses – such as expert reports – are discoverable. Having found no document that explains or references such a distinction, and Defendant having failed to provide the Court with any such document, the Court finds that this argument fails to sustain Defendant's burden to show that the Magistrate Judge abused her discretion in finding that Defendant has conceded that foreign litigation documents, which include the German litigation documents, are irrelevant and not discoverable.

Fourth, Defendant argues that the Magistrate Judge abused her discretion by failing to address the relevant nature of the requested documents. Defendant offers no case law in support of the argument that relevancy of discovery materials trumps the Magistrate Judge's discretion to deny an untimely discovery motion. Therefore, this argument fails to sustain Defendant's burden to show that the Magistrate Judge abused her discretion in denying its motion to compel.

Fifth, Defendant argues that the Magistrate Judge abused her discretion by failing to address the prejudicial effect of denying the request. Yet again, Defendant fails to cite any case

---

[1] Specifically, in March of 2005 Plaintiff clearly objected to the production of documents related to foreign litigations. (See Docket Entry No. 639, Exh. 2). Additionally, in June of 2006 Defendant Teva was carbon copied on a letter from Defendant Sun referencing the foreign litigation relevant to the instant motion. (See Docket Entry No. 639, Exh. 5). For at least these reasons, the Magistrate Judge did not abuse her discretion in determining that Defendant as aware of the foreign litigation at issue.

3

law in support of the proposition that it is an abuse of discretion to deny a discovery motion as untimely solely because the movant may be prejudiced. Therefore, this argument fails to sustain Defendant's burden to show that the Magistrate Judge abused her discretion in denying its motion to compel.

Finally, Defendant argues that the Magistrate Judge abused her discretion by considering Defendant's omission of the instant dispute at the April 8, 2009 status conference held before the undersigned. It is this Court's policy to refer any and all discovery issues to the Magistrate Judge. Therefore, Defendant may have correctly assumed that raising this issue with the undersigned may have been improper. However, in light of each of the other factors outlined in the Magistrate Judge's well reasoned decision, this Court is not persuaded that such a consideration was an abuse of discretion.

This case was filed in 2004. It is now 2010 and the parties are on the eve of trial. The Court has allowed the parties substantial time in which to conduct extensive discovery. In addition, the Court has provided the parties every opportunity to address any discovery disputes. However, even with the substantial time and the Court's involvement, Defendant inexplicably filed an untimely motion to compel Plaintiff's production of documents. The Court is not persuaded that the Magistrate Judge abused her discretion in determining that "the time to bring discovery disputes to the Court's attention has passed." Simply put, Defendant does not sustain its burden to show that the Magistrate Judge abused her discretion in denying its motion to compel.

Thus, it is on this **5th** day of **February, 2010,**

**ORDERED** that Magistrate Judge Cecchi's Order dated July 31, 2009 denying Defendant's motion to compel is **AFFIRMED**; and it is also

**ORDERED** that Magistrate Judge Cecchi's Order dated December 1, 2009 denying Defendant's motion for reconsideration of the July 31, 2009 order is **AFFIRMED**.[2]

United States District Judge

---

[2] Although Defendant's appeal references Magistrate Judge Cecchi's December 1st Order, the Court's *de novo* review of the underlying July 31st Order obviates the need for an analysis of Magistrate Judge Cecchi's analysis and reasoning in the December 1st Order.