UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTANA PHARMA AG and WYETH,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., *et al.*,<br><br>Defendants. | CIVIL ACTION NO. 04-2355 (JLL)<br><br>Consolidated with Civil Action Nos.<br>05-1966 (JLL)<br>05-3920 (JLL)<br>06-3672 (JLL)<br>08-2877 (JLL)<br><br>**STIPULATION AND<br>~~[PROPOSED]~~ ORDER** |

**WHEREAS** Defendant Teva Pharmaceuticals USA, Inc. ("Teva") has asserted counterclaims in the above-captioned action for unfair competition and tortious interference with prospective economic advantage; and

**WHEREAS** this Court, after a jury trial, has determined that the patent-in-suit, U.S. Patent No. 4,758,579, is not invalid; and

**WHEREAS**, in view of that determination, Teva wishes to dismiss its counterclaims for unfair competition and tortious interference (Counterclaim Counts IV and V) without prejudice and subject to reinstatement if and only if this Court's determination that the patent-in-suit is not invalid is reversed or vacated in an order or final judgment from which no appeal or request for further review can be or has been taken; and

**WHEREAS** Plaintiffs Altana Pharma AG (now known as Nycomed GmbH) and Wyeth (now known as Wyeth LLC) (collectively, "Plaintiffs") agree to Teva's dismissal of its counterclaims for unfair competition and tortious interference on those terms; and

299939 v1

**WHEREAS** the disposition of the counterclaims for unfair competition and tortious interference in this manner will simplify the issues for the current damages phase of the case and will promote efficient disposition of the Court's docket:

**NOW, THEREFORE, IT IS STIPULATED AND AGREED** by the parties through their undersigned counsel and subject to the approval of the Court as follows:

Teva's counterclaims for unfair competition and tortious interference with prospective economic advantage herein (Counterclaim Counts IV and V) are dismissed without prejudice. Teva may reinstate them relating back to the date of their filing in the event that this Court's determination that the '579 patent is not invalid is reversed or vacated in an order or final judgment from which no appeal or request for further review can be or has been taken. If this Court's determination that the '579 patent is not invalid becomes final and not subject to further review, then the dismissal of the counterclaims for unfair competition and tortious interference (Counterclaim Counts IV and V) shall automatically be deemed to be with prejudice. Each side shall bear its own costs and expenses associated with the dismissed counterclaims (Counts IV and V) that were incurred up to the time of this stipulation.

The parties hereby consent to the entry of the within stipulation and order.

| *Liza M. Walsh* | *Michael E. Patunas* |
|---|---|
| Liza M. Walsh | Michael E. Patunas |
| **CONNELL FOLEY LLP** | Allyn Z. Lite |
| 85 Livingston Avenue | **LITE DEPALMA GREENBERG, LLC** |
| Roseland, NJ | Two Gateway Center |
| (973) 535-0500 | Suite 1201 |
| | Newark, NJ 07102 |
| | (973) 623-3000 |
| *Attorneys for Plaintiffs Altana Pharma AG and Wyeth* | *Attorneys for Defendant Teva Pharmaceuticals USA, Inc.* |

**SO ORDERED:**

Dated: January 9th, 2012

_____
Hon. Jose L. Linares, U.S.D.J.